# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:14-CV-2042-DMC<br><br><br>ORDER |

       Plaintiff, who was proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, this case was before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Final judgment was entered on October 29, 2015. Pursuant to stipulation, plaintiff's counsel has previously been awarded $6,858.46 in attorney's fees under the Equal Access to Justice Act (EAJA). Pending before the court is plaintiff's counsel's petition for the award of attorney's fees in the amount of $29,858.46 in fees under 42 U.S.C. § 406(b). Plaintiff was provided notice of counsel's motion and has not filed any response thereto.

/ / /

/ / /

1

## I. PROCEDURAL HISTORY

Plaintiff initiated this action for judicial review of a final decision of the Commissioner of Social Security on September 3, 2014. Plaintiff's representation was provided pursuant to a September 2, 2014, contingent-fee agreement whereby plaintiff agreed to pay counsel 25 percent of any past-due benefits awarded by the Commissioner. Pursuant to the parties' stipulation, the matter was remanded to the Commissioner for further proceedings. On February 2, 2016, pursuant to the stipulation of the parties, plaintiff was awarded $6,858.46 in attorney's fees under the EAJA, payable to plaintiff less any offsets to be determined by the government.[1] On remand to the agency, the Commissioner granted plaintiff's application for disability benefits and awarded $120,764.00 in past-due benefits.

## II. DISCUSSION

Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). No other fee may be payable or certified for such representation except as allowed in this provision. See id.

A remand constitutes a "favorable judgment" under § 406(b). See Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993). While the Ninth Circuit has not directly addressed the issue, all other circuits to address the issue have concluded that the district court is authorized to award fees under § 406(b) when it remands for further proceedings and, following remand, the claimant is awarded past-due benefits. See Garcia v. Astrue, 500 F. Supp. 2d 1239, 1243 (C.D. Cal. 2007). Limiting § 406(b) awards to cases in which the district court itself awards past-due benefits would discourage counsel from requesting a remand where it is appropriate. See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

---

[1] The court is unaware of any offset to the EAJA award.

The 25 percent statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "In determining the reasonableness of fees sought, the district court must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793 and 808).

The Supreme Court has identified five factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court. See Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808). Those factors are: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. See id.

Finally, an award of fees under § 406(b) is offset by any prior award of attorney's fees granted under the Equal Access to Justice Act (EAJA). See Gisbrecht, 535 U.S. at 796.

In this case, having considered the factors above, the court finds that plaintiff's counsel's request for an amount equal to 24.7% of the award of past due benefits, is reasonable given the fee agreement with plaintiff, the results achieved, the lack of any evidence of dilatory conduct designed to increase past-due benefits, and the applicable statutes.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's petition (ECF No. 31) is granted and counsel is awarded fees pursuant to 42 U.S.C. § 406(b) in the amount of $29,858.46, paid to counsel by the Commissioner out of past-due benefits awarded to plaintiff to the extent such benefits have not already been paid to plaintiff; and

2. Counsel shall reimburse to plaintiff $6,858.46 previously paid under the EAJA.

Dated: January 10, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE